This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO. 34,147

**JONATHON MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

**{1}** Defendant appeals from an order revoking his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm in part and reverse in part. Both Defendant and the State have filed responsive memoranda. After due consideration, we adhere to our initial assessment of the merits. We therefore affirm in part, reverse in part, and remand for further proceedings.

**{2}** Defendant asserts that the district court erred in denying his motion to dismiss the State's motion to revoke his probation because the adjudicatory hearing was held more than one hundred days after he was arrested and the delay prejudiced him. [DS 3-4, 8; Defendant's Memo 2-5] *See* Rule 5-805 NMRA (governing probation violations, including time limits from the date of the probationer's arrest to the date of his adjudicatory hearing).

**{3}** As we stated in our calendar notice, the district court "may dismiss the motion to revoke probation for violating any of the time limits in [Rule 5-805]." [CN 6 (quoting Rule 5-805(L))] We noted that the use of the term "may" implies that the district court has discretion to dismiss the motion to revoke probation for failure to comply with the time limits, and we proposed to hold that Defendant had not demonstrated an abuse of discretion. [CN 6] We also proposed to hold that, to the extent Defendant was arguing that the district court applied an incorrect

standard—one requiring a showing of prejudice—Defendant did not cite any authority to support this assertion. [CN 6]

{4}     In response to our proposed disposition, Defendant continues to argue that the district court should have dismissed the State's motion to revoke his probation because his adjudicatory hearing was held one hundred and thirty-five days after his arrest—which exceeds the one hundred-day limit for adjudication, as set forth in Rule 5-805—and the delay prejudiced him. [Defendant's Memo 2-5] In support of Defendant's claim of prejudice, he asserts that he spent ninety-one days in jail from the day that he was arrested until he was released pending his adjudicatory hearing, and upon his release, the district court imposed burdensome conditions, including requiring him to remain in Clovis, which required him to spend over $1,000 at a hotel and required him to stay at a homeless shelter. [Id.]

{5}     The record reflects that the district court determined that Defendant suffered no prejudice by the delay in holding his adjudicatory hearing in this case because Defendant had been incarcerated in Quay County on separate charges, he did not post bond, and after he was sentenced in Quay County, he was transferred to Curry County for the alleged probation violations in this case. [RP 162; DS 3-4] On June 4, 2014, the State filed its motion to revoke Defendant's probation in this case [RP 128, 129],

and on June 9, 2014, Defendant appeared for his arraignment and was released on his own recognizance with conditions of release. [DS 3; RP 138] As part of his conditions of release in this case, Defendant was not allowed "to leave the 9th Judicial District (Curry and Roosevelt County) without prior permission of the [c]ourt[.]" [RP 139; *see also* RP 137-38]

**{6}** In his memorandum in opposition, Defendant asserts, without demonstrating, that his incarceration and conditions of release prejudiced him. [Defendant's Memo 2-5] We are not persuaded. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Likewise, to the extent that Defendant asserts that his conditions of release were akin to "reverse banishment," we are not persuaded. [Defendant's Memo 3-4] Defendant has made no showing that he asked the district court for, and was denied, permission to leave the 9th Judicial District.

**{7}** Defendant argues that the district court violated his due process rights under the New Mexico Constitution by permitting hearsay testimony regarding his change of address. [DS 4-5, 8-9] In our notice of proposed disposition, we noted that "hearsay evidence may be used in probation revocation hearings if it has probative value" and "in order to establish a violation of due process, a defendant must show prejudice."

4

[CN 7 (quoting *State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935)] We proposed to hold that the evidence in this case had probative value and was admissible. [CN 7] Nevertheless, we stated that, even if we determined that the district court erred in permitting hearsay testimony regarding Defendant's change of address, Defendant did not show that this error prejudiced him, particularly in light of the fact that the district court found four separate violations. [CN 7]

{8}     In response to our proposed disposition, Defendant contends that the hearsay testimony regarding his change of address was contested and admission of this evidence prejudiced him because "[t]here is nothing in the record that reflects the trial court would have reached the same result had it not found this probation violation occurred, and thus reliance on the uncorroborated and unreliable hearsay attributed to Ms. Salas should be seen as prejudicial to [Defendant's] right to due process." [Defendant's Memo 10; *see also id.* 5-10]

{9}     For clarification purposes, we note that the district court found Defendant guilty of four probation violations—two of which were for failure to report. [RP 111, 121, 129, 171] The State offered the hearsay testimony at issue to support its allegation that Defendant failed to report to his probation officer on January 3, 2014. [RP 111, 129, 171] The record reflects that during the adjudication hearing, Defendant's probation

officer testified that Defendant was required to report to him on January 3, 2014; Defendant did not report to him on that date; and the probation officer attempted to locate Defendant and made contact with Ms. Salas who reportedly stated that Defendant no longer lived at the residence and had moved to Tucumcari. [RP 111, 163; Defendant's Memo 5] Admission of Defendant's change of address was not necessary to find that Defendant failed to report on January 3, 2014. Therefore, we are not persuaded that admission of this hearsay testimony prejudiced Defendant.

{10} Additionally, we disagree with Defendant's assertion that his change of address was a "contested" issue. [Defendant's Memo 8-10] As discussed in our calendar notice, "[e]vidence is contested if contrary evidence has been introduced or the probationer persuades the court that a particular assertion may not be reliable, accurate, or true." [CN 7-8 (quoting *State v. Guthrie*, 2011-NMSC-014, ¶ 35, 150 N.M. 84, 257 P.3d 904)] Defendant has not demonstrated that he introduced contrary evidence or that the evidence pertaining to the change of address was not reliable, accurate, or true. *See Guthrie*, 2011-NMSC-014, ¶¶ 45-46 (concluding that the defendant's due process right to confrontation was not violated when the district court permitted hearsay testimony regarding the defendant's non-compliance with a residential treatment program because the defendant did not contest the allegation and

the fact of non-compliance was "an objective, negative, and rather routine fact"); *State v. Ellis*, 2008-NMSC-032, ¶ 2, 144 N.M. 253, 186 P.3d 245 (characterizing "contested facts as alleged by [the d]efendant[,]" as "contradictory testimony").

{11}    In his docketing statement, Defendant argued that upon the revocation of his probation, the district court imposed an illegal sentence, and we proposed to agree. [DS 5-9; CN 1-4] Both Defendant and the State agree with this Court's proposed disposition. [Defendant's Memo 1; State's Response 1-2] As discussed in our notice of proposed disposition, we conclude that on January 9, 2012, the district court sentenced Defendant to 1092 days; Defendant was entitled to 131 days of pre-sentence confinement leaving him with a balance of 961 days; and as of July 30, 2014—the date of Defendant's sentencing hearing for violating his probation—Defendant only had a balance of 28 days of his original sentence left to serve on probation. Accordingly, we reverse the district court's order on the probation violation and remand to correct Defendant's sentence and the balance that remained to be served.

{12}    In his docketing statement, Defendant alleged that the district court violated his due process rights by acting as both the judge and the prosecutor. [DS 8-9] We proposed to conclude that this issue is not properly before this Court. [CN 8] In response, Defendant affirmatively abandons this issue on appeal [Defendant's Memo

2, n.1], and the State agrees with this Court's proposed disposition [State's Response 1].

{13}    For the reasons stated above, we affirm as to Issues 1, 2, and 4; we reverse as to Issue 3; and we remand for proceedings consistent herewith.

{14}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**